IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TIMOTHY STANFIELD and RANDY JONES, | § § § § | |
| Plaintiffs, | § § | Case No. 6:24-cv-172-JDK-KNM |
| v. | § § | |
| BRIAN COLLIER, et al., | § § § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Timothy Stanfield and Randy Jones, as Texas Department of Criminal Justice ("TDCJ") inmates, through counsel, filed this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On February 18, 2025, Judge Mitchell issued a Report recommending that the Court dismiss this case with prejudice for failure to state a claim upon which relief can be granted. Docket No. 11. Specifically, Judge Mitchell found that Plaintiffs' claims amounted to no more than negligence—citing to various federal precedent with similar facts. Plaintiffs, through counsel, filed objections on March 4, 2025. Docket No. 12.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiffs highlight that, prior to the bunk falling, Defendant Loosier had "a welding crew come out to fix the bunk bed, but it was not done properly." Docket No. 12 at 2. After the welding crew did not fix the bed properly, Plaintiffs continued to tell Defendant Loosier that the repair was not adequate and that the bunk would fall. Plaintiffs cite *Vaught v. Allison*, 2011 WL 1811062, at *2–5 (E.D. Cal. May 12, 2011), claiming that the district court "acknowledged the potential for an Eighth Amendment claim on unsafe conditions" because prison officials allegedly assigned the plaintiff a defective upper bunk, which caused him injuries. They also argue that they continued to complain for months after the first repair.

A review of the pleadings, the record, and the Magistrate Judge's Report demonstrates that the Report is correct—Plaintiffs' articulation of the facts does not amount to a constitutional violation. Plaintiffs contend that Defendants acted with deliberate indifference to their safety, citing that they repeatedly told Defendant Loosier—who had a welding crew repair the top bunk—that the repair would not hold. The top bunk ultimately fell, injuring Plaintiff Stanfield.

Relevant here, "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of care arising out of [state] tort law."

2

*Baker v. McCollan*, 443 U.S. 137, 146 (5th Cir. 1979). Negligence on the part of prison officials is not a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Therefore, the Magistrate Judge correctly explained that deliberate indifference is an extremely high standard to meet: A prison official acts with deliberate indifference only if he "(1) knows that the inmates faces a substantial risk of serious bodily harm and (2) disregards that risk by failing to take reasonable measures to abate it." *Torres* v. *Livingston*, 972 F.3d 660, 663 (5th Cir. 2020). In other words, a "deliberately indifferent state of mind requires that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020). Negligence and even gross negligence will not suffice. *See Torres*, 972 F.3d at 663.

Under an Eighth Amendment analysis, the Fifth Circuit rejected a prisoner's claims of deliberate indifference based on injuries he sustained in a fall after officials failed to repair leaks in pipes that caused puddles of water. *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 F. App'x 438, 439 (5th Cir. 2008) (holding that the actions attributed to prison officials amounted to nothing more than "unreasonableness or negligence, neither of which establishes an Eighth Amendment violation"); *see also West v. Blair*, 2001 WL 563818, at *2 (5th Cir. May 15, 2001) (explaining that the failure to remain vigilant in maintaining safe prison environments may rise to the level of negligence but does not itself demonstrate a constitutional violation).

Here, the bunk incident was nothing more than "unreasonableness or negligence," at most. Indeed, the Magistrate Judge cited precedent wherein federal courts found similar claims to be negligence rather than a constitutional violation. *See, e.g.*, *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (finding no constitutional violation by officials who placed a vulnerable, described as "a visibly obese man" on an upper bunk, who subsequently fell from the top bunk and died); *McKnight v. McDuffie*, 2007 WL 1087280, at *5–6 (S.D. Ga. Apr. 9, 2007) (holding that an official's knowledge that welds on bunk bed were broken was insufficient to state a claim for more than negligence); *Hall v. Wagner*, 2010 WL 4273326, at *4 (E.D. Pa. Oct. 29, 2010) (the collapse of a bunk bed, causing an accidental injury, does not amount to a constitutional violation).

Plaintiffs' objections do not respond to the various federal cases rejecting similar claims. Instead, the case cited by Plaintiffs supports Judge Mitchell's recommendation. *See Vaught*, 2011 WL 1811062, at *2–5. In fact, the district court there rejected claims similar to Plaintiffs' under an Eighth Amendment analysis, finding that the claims were insufficient but allowed him to file an amended complaint. And the court warned him that the claims were likely meritless, citing a string of cases.

A known risk of injury must be a strong likelihood rather than a mere possibility—which cannot include Plaintiffs' speculation, conjecture, or guessing that the top bunk would not hold after the welding repair. The Fifth Circuit has held that there is no remedy under section 1983 for injuries after a slip and fall or for a claim

that defendants *knew* of a leak in the ceiling and failed to repair it. *See Benton v. Grant*, 2001 WL 1751477, at *1 (5th Cir. 2001); *see also Andrews v. Belt*, 274 F. App'x 359, 360 (5th Cir. 2008) ("[Plaintiff]'s assertion that the defendant may have known about the leaky toilet but failed to repair it at most alleges negligence, which is not actionable under § 1983."); *Grissom v. Patterson*, 1993 WL 560256, at *3 n.26 (5th Cir. 1993) (explaining that deliberate indifference must rest upon facts clearly evincing "wanton" actions on the part of the defendant). Here, even if Defendant Loosier knew that the bunk needed to be repaired a second time, the failure to repair it again is at most negligence. This case demonstrates no more than negligence—and Plaintiffs failed to state a claim upon which relief may be granted.

Accordingly, Plaintiffs' objections are overruled.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 11) as the opinion of the Court. Plaintiffs' claims are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **7th** day of **March, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE